### ODDIE vs. HIS CREDITORS.

APPEAL from the court of the parish and city of New-Orleans.

MATTHEWS, J. delivered the opinion of the court. In this case the homologation of the tableau of distribution of the insolvent's estate, filed by his syndic in the court below, is opposed by the creditor Brand, in consequence of not assigning him a place of privilege and preference, as undertaker and builder of a house for the insolvent, to the amount of $1743 60 claimed by him as a privileged debt on said building. His opposition was set aside by a judgment of the parish court.

The facts necessary to be noticed in relation to the appellant's claim of privilege, are as follows:

The contract between the undertaker and the insolvent was not formally drawn up in writing, and signed by the parties; the only written evidence of it is an entry of it on a memorandum book of the latter on the 17th of March, 1823, containing the terms, according

A builder who does not record his contract, is not entitled to any privilege. Even if he obtains judgment against the debtor, should the judgment be pronounced two days after the cession, and remain unrecorded.

Eastern Dist.
Feb'ary, 1828.

ODDIE
vs.
HIS CREDI-
TORS.

to which the work was to have been executed and paid for.   In November, 1823, Brand caused the building to be sequestered on his pretended privilege; and on the 14th of April, 1824, obtained a final judgment for the amount by him claimed, which was recorded, &c. on the same day.  On the 12th of the same month Oddie made a surrender of his property for the benefit of his creditors, which, from that period, has been administered by a syndic, who, on the 7th of April, 1827, filed the tableau of distribution, of which the appellee complains, and to the homologation of which, he makes the opposition above stated.

The rights of the opposing creditors depend on a just interpretation of the 8th section of the act of the Legislature passed in 1817, relative to the power of giving special mortgages in certain cases, and for other purposes. According to this law, no architect, undertaker, or other workman, has, with regard to third parties, any privilege or legal mortgage, on any immoveable property, &c. on account of work, building or repairs, unless he shall have entered into a written contract with the owner &c., and the said contract shall have been recorded, &c.   By a second clause of this section of

Eastern Dist.
*Feb'ary* 1828.

ODDIE
*vs.*
HIS CREDI-
TORS.

the act, architects, undertakers, workmen and carpenters, forfeit their right of action against purchasers of the immoveable property, (on which they claim a lien or tacit mortgage,) to enforce payment of the claim, unless their contracts have been recorded as required by law. By a third clause, in case of failure of the person with whom they have contracted, they are placed on the footing of simple contract creditors, if their contract has not been recorded agreeably to the provisions of the act.

The contest in the present case is between creditors in relation to their rank and privileges; it is, therefore, useless to enquire into the effects of the privilege of an architect or undertaker, as it relates to his employer. So long as the latter is solvent, it is not easy to perceive what advantage the former can derive from such privilege or tacit mortgage.

The only question which the facts of the case, and the law which must govern it, present for solution, is, whether the appellant be entitled to a privilege and preference on the building proceeds, against other privileged creditors, or the whole mass of creditors. It is doubtful, from the evidence, whether any written contract was ever entered into between him

Eastern Dist
Feb'ary 1828.

ODDIE
vs.
HIS CREDI-
TORS.

and the insolvent, as required by law; but such as it appears, it was not recorded in pursuance of the requisitions of the act of the Legislature; consequently, according to the third clause of the section cited, the appellant was properly placed on the tableau of distribution as a simple contract, or cherographic creditor. The circumstance of his having obtained judgment against the insolvent cannot better his situation, for that judgment was not pronounced or recorded until two days after the *cessio bonorum;* neither, in our opinion, can the sequestration which preceded, admitting (as contended for by the counsel for the appellant) that it preserved the rights of all parties concerned; it is a *non sequitur*, that any were conferred which did not previously exist; and no lien, privilege, or tacit mortgage, did exist according to law in favor of the opposing creditor.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Watts & Lobdell* for the plaintiff, *Eustis* for the defendant,